Gurjinder SINGH, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–72366.

Agency No. A75–314–277.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.*

Decided July 21, 2004.

Randhir S. Kang, Esq., Fremont, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Patrick Shen, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before HAWKINS, THOMAS, and BYBEE, Circuit Judges.

MEMORANDUM **

Gurjinder Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review adverse credibility determinations for substantial evidence, *Singh–Kaur v. INS*, 183 F.3d 1147, 1149 (9th Cir.1999), and we deny the petition for review.

Substantial evidence supports the IJ's adverse credibility finding. Most notably, the record supports the IJ's determination that Petitioner's credibility was undermined by inconsistent testimony regarding his political involvement with the Akali Dal and the All India Sikh Student

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Federation, as well as evidence of tampering and possible fabrication in the letters Petitioner offered to establish his involvement with several political organizations. The IJ also made note of Petitioner's untruthful demeanor, a finding which should be given "special deference." *Paredes–Urrestarazu v. INS*, 36 F.3d 801, 818–19 (9th Cir.1994).

Taken together, these inconsistencies are sufficiently material to permit the IJ to find that Singh was not credible. *See Singh–Kaur*, 183 F.3d at 1149–52. Because a reasonable factfinder would not be compelled to reach a contrary conclusion, we uphold the IJ's adverse credibility finding. *See id.* at 1149; *INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Because Petitioner did not establish eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). Accordingly, the IJ properly concluded that Petitioner was ineligible for relief from removal.

█ We lack jurisdiction over Petitioner's contention that the IJ violated his due process rights by denying him a continuance for his hearing on account of illness because Petitioner did not raise this issue before the BIA. *See* 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

Finally, to the extent we have jurisdiction to consider the Petitioner's challenge to the BIA's streamlining procedures, we conclude that his argument is without merit. *See* 8 C.F.R. § 1003.1(e)(4); *Falcon*

* The panel unanimously finds this case suitable for decision without oral argument. *See* FED.

*Carriche v. Ashcroft*, 350 F.3d 845, 850–56 (9th Cir.2003).

PETITION FOR REVIEW DENIED.